# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
7/28/2020 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

COM
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
**BRANDON | SMERBER LAW FIRM**
139 East Warm Springs
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964– *facsimile*
j.smerber@bsnv.law
Attorneys for Plaintiff,
JEAN KING

CASE NO: A-20-818664-C
Department 8

### DISTRICT COURT
### CLARK COUNTY, NEVADA

JEAN KING, an individual,

       Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.
a/k/a THE KROGER CO., a foreign corporation,
DOE EMPLOYEES I through X, and ROE
BUSINESS ENTITIES I through X, inclusive,

       Defendants.

CASE NO.:
DEPT. NO.:

### COMPLAINT

    Plaintiff, JEAN KING, by and through her counsel of record, JUSTIN SMERBER, ESQ.,

of the law firm BRANDON | SMERBER, complains and avers of the Defendants as follows:

### PARTIES AND JURISDICTION

1.    The events and circumstances giving rise to this Complaint occurred in Clark County,

Nevada on or about September 23, 2018.

2.    Plaintiff, JEAN KING (hereinafter "Plaintiff), at all times material herein, is and was a

resident of Clark County, State of Nevada.

3.      Upon information and belief, Defendant, SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO. (hereinafter Defendant), is a foreign corporation, duly licensed to conduct business in the State of Nevada.

4.      Plaintiff believes that SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO., owned, operated, maintained and managed Horizon Market Place – Smith's ("Smith's").

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X and Roe Corporations I through X are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Does and Roe Entities are responsible in some manner for the events and happenings referred to as alleged herein, whether by actually or have responsibility for creating the hazard, failing to warn of the hazard, owning, managing, maintaining, inspecting, cleaning, supervising, or controlling the premises, or in some other manner as set forth herein. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of Doe Employees I through X and Roe Entities I through X when the same have been ascertained and to join such Defendants in this action.

6.      Jurisdiction is obtained, and venue is properly set in the Eighth Judicial District Court for the State of Nevada.

### FACTS

7.      Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

8.      On or about September 23, 2018, Plaintiff was a lawful patron of Smith's located at 10616 South Eastern Avenue, Henderson, Nevada, 89052, owned and operated by Defendant, SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO.

BRANDON | SMERBER
LAW FIRM
180 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

9.      Plaintiff was proceeding through Smith's, when she slipped and fell due to a grape and/or other unknown substance or hazardous condition that was on the floor.

10.     The fall caused Plaintiff to land violently on her outstretched arm, which resulted in severe injury to her entire right upper extremity

11.     There were no warning or hazard notices posted in the area of the store where the Plaintiff fell.

12.     At all times relevant herein, the Defendants were the owners, managers, maintainers, inspectors, supervisors or controllers of the premises and common areas whereupon Plaintiff slipped and fell and was injured, generally known as Smith's, located in Clark County, Nevada.

13.     Plaintiff believes that at all times relevant herein, the Defendants and each of them were the employees or agents of the other Defendants and were acting in the course and scope of their employment or agency.

14.     While walking down the aisle, Plaintiff encountered a grape and/or unknown and unforeseen debris on the floor causing her to slip and fall causing severe and debilitating injuries to herself.

15.     Plaintiff believes that Defendants have a policy that all areas of Smith's must be routinely inspected, maintained, and cleaned so they are kept safe and in good repair or warnings used to ensure patrons, such as Plaintiff, are not harmed.

16.     Defendants' personnel did not use warnings to alert patrons, such as Plaintiff, of the hazardous condition.

17.     Plaintiff believes that the Defendants understand that a grape and/or debris on the floor is a hazardous condition and can lead to a patron being injured.

18.     On or about September 23, 2018, Defendants, and each of them, while in the course and scope of their employment and agency with other Defendants, negligently failed to maintain,

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

manage, inspect, clean, supervise, control, and repair the premises and further failed to warn Plaintiff of hazards which resulted in Plaintiff's injuries.

19.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to her body. These injuries caused and will continue to cause her mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

20.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for her injuries. As a result, she incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

21.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

### FIRST CAUSE OF ACTION
#### Negligence

22.     Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

23.     Defendant, SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO., at all times relevant herein, owned and was responsible for operating, controlling, and maintaining the premises where Plaintiff fell on or about September 23, 2018.

24.     Defendants, and each of them, owed Plaintiff a duty of reasonable care to maintain the floor at Smith's in a reasonably safe condition.

25.     Defendant's and each of them, breached this duty by allowing an unknown substance or hazardous condition to be present on the floor without warning or notice.

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

26.     Defendants, and each of them, were responsible for the presence of the unknown substance or hazardous condition, or knew or should have known of the presence of the unknown substance or hazardous condition prior to the moment that Plaintiff fell.

27.     Each Defendant DOE EMPLOYEE was the agent, servant and/or employee of Defendant, SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO., acting within the course and scope of such agency, service, and/or employment.

28.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to her body. These injuries caused and will continue to cause her mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

29.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for her injuries. As a result, she incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

30.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

## SECOND CAUSE OF ACTION
### Premises Liability

31.     Plaintiff incorporates all foregoing paragraphs of the Complaint as though these paragraphs were fully set forth herein.

32.     At all times herein relevant, Plaintiff was a lawful patron at the Smith's location in Henderson, Nevada.

33.     At all times relevant, Defendants and each of them were responsible for the condition and safety on the floor at Smith's, where Plaintiff fell on or about September 23, 2018.

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

WHEREFORE, Plaintiff, JEAN KING expressly reserves the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.      For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2.      For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3.      For the cost of suit and reasonable attorney's fees and costs;

4.      For interest at the statutory rate; and

5.      For such other relief as the Court deems just and proper.

DATED this 25th day of June, 2020.

BRANDON | SMERBER LAW FIRM

/s/ Justin Smerber, Esq.
JUSTIN W. SMERBER, ESQ.
Nevada Bar No. 10761
139 East Warm Springs
Las Vegas, Nevada 89119
Attorneys for Plaintiff,
JEAN KING

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007  |  F: 702.380.2964

Electronically Filed
7/28/2020 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

1   **DMJT**
**JUSTIN W. SMERBER, ESQ.**
2   Nevada Bar No. 10761
**BRANDON | SMERBER LAW FIRM**
3   139 East Warm Springs
Las Vegas, Nevada 89119
4   (702) 380-0007
(702) 380-2964– *facsimile*
5   j.smerber@bsnv.law
6   Attorneys for Plaintiff,
JEAN KING
7

CASE NO: A-20-818664-C
Department 8

8                          **DISTRICT COURT**
                       **CLARK COUNTY, NEVADA**

9   JEAN KING, an individual,

10              Plaintiff,                    CASE NO.:
                                             DEPT. NO.:
11   vs.

12

13   SMITH'S FOOD & DRUG CENTERS, INC.        **DEMAND FOR JURY TRIAL**
a/k/a THE KROGER CO., a foreign corporation,
14   DOE EMPLOYEES I through X, and ROE
BUSINESS ENTITIES I through X, inclusive,
15

16              Defendants.

17          COMES NOW, Plaintiff, JEAN KING, by and through her attorney of record, JUSTIN

18   W. SMERBER, ESQ., of BRANDON | SMERBER LAW FIRM, and hereby demands a Jury

19   Trial in the above-entitled action.

20          DATED this 25th day of June, 2020.

21

22                                       **BRANDON | SMERBER LAW FIRM**

23                                       /s/ *Justin Smerber, Esq.*
                                         **JUSTIN W. SMERBER, ESQ.**
24                                       Nevada Bar No. 10761
25                                       139 East Warm Springs
Las Vegas, Nevada 89119
26                                       Attorneys for Plaintiff,
JEAN KING
27

28

Page 1 of 1
Case Number: A-20-818664-C

Electronically Filed
8/24/2020 4:23 PM
Steven D. Grierson
CLERK OF THE COURT

AOS
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
**BRANDON | SMERBER LAW FIRM**
139 East Warm Springs
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 — *facsimile*
j.smerber@bsnv.law
Attorneys for Plaintiff,
JEAN KING

## DISTRICT COURT
## CLARK COUNTY, NEVADA

JEAN KING, an individual,

      Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.
a/k/a THE KROGER CO., a foreign corporation,
DOE EMPLOYEES I through X, and ROE
BUSINESS ENTITIES I through X, inclusive,

      Defendants.

CASE NO.:  A-20-818664-C
DEPT. NO.:  8

## AFFIDAVIT OF SERVICE

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

AFFIDAVIT OF SERVICE

STATE OF NEVADA,

COUNTY OF CLARK

Jon Salisbury, being duly sworn says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceedings in which this affidavit is made. That affiant received one copy of the SUMMONS, COMPLAINT, Case # A-20-818664-C on the 17th day of August,2020 and served the same on the 19th day of August,2020 at 1100 hrs.

By serving the Defendant SMITH'S FOOD & DRUG CENTERS, INC A/K/A KROGER CO. by personally serving and leaving a copy with Kris (Authorized to Accept) for RA: Corporation Service Company at 112 N. Curry St. Carson City, NV 89703.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this 19th day of August,2020

Signature of person making service

Jon Salisbury

Print Name - Process Server
A.C.E.S. PROCESS SERVICE LIC#2100C
3829 Culpepper Dr.
Sparks, NV 89436

State of Nevada
County of Washoe

Subscribed and Sworn to before me on
this 21 day of _____, 2020

NOTARY PUBLIC
(seal)

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-33
Certificate No: 15-3221-2

8/7/2020 4:43 PM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

JEAN KING,

        Plaintiff,

v.

SMITH'S FOOD & DRUG CENTERS, INC.
a/k/a THE KROGER CO., a foreign
corporation, DOE EMPLOYEES I through
X, and ROE BUSINESS ENTITIES I
through X, inclusive,

        Defendants.

CASE NO: A-20-818664-C
DEPT. NO: 8

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

SMITH'S FOOD & DRUG CENTERS, INC. A/K/A THE KROGER CO.
C/O CSC SERVICES OF NEVADA, INC.
2215-B RENAISSANCE DRIVE
LAS VEGAS, NEVADA 89119

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

JUSTIN W. SMERBER ESQ.
Attorney for Plaintiff
BRANDON | SMERBER LAW FIRM
139 East Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007

STEVEN D. GRIERSON
CLERK OF COURT

8/10/2020
DEPUTY CLERK              DATE:
Alisa-Mae Chapman
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE:  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedure, Rule 4(b).

**BRANDON | SMERBER**
**LAW FIRM**
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2961

Page 1 of 2

Electronically Filed
9/8/2020 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   GREGORY A. KRAEMER
3  Nevada Bar #010911
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
5  (702) 366-1125
   FAX: (702) 366-1857
6  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.
8

9                          **DISTRICT COURT**
                        **CLARK COUNTY, NEVADA**
10

11 JEAN KING,  an individual,                CASE NO.:  A-20-818664-C
                                            DEPT. NO.:  VIII
12           Plaintiff,

13 vs.

14 SMITH'S FOOD & DRUG CENTERS, INC.         **DEFENDANT SMITH'S FOOD & DRUG**
   a/k/a THE KROGER CO., a foreign          **CENTERS, INC.'S ANSWER TO**
15 corporation, DOE EMPLOYEES I through X,   **PLAINTIFF'S COMPLAINT**
   and ROE BUSINESS ENTITIES I through X,
16 inclusive,

17           Defendants.

18

19         COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated

20 as SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO., by and through its attorney

21 of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers

22 Plaintiff's Complaint on file herein as follows:

23                                  **I.**

24         This answering Defendant states that it does not have sufficient knowledge or information

25 upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 5 of

26 Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

27 / / /

28 / / /

CLAC 5854412.1

**II.**

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it is a foreign corporation, duly licensed to conduct business in the State of Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**III.**

In response to Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that it owned, operated, maintained and managed the SMITH'S store.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

Paragraph 6 of Plaintiff's Complaint  states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

**V.**

This answering Defendant, in response to Paragraph 7 of that portion of Plaintiff's Complaint entitled "**FACTS**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**VI.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 8, 9, 10, 11, 13, 14, 15, 16, 19 and 21 of that portion of Plaintiff's Complaint entitled "**FACTS**" and upon said ground, denies each and every allegation contained therein.

**VII.**

In response to Paragraph 12 of that portion of Plaintiff's Complaint entitled "**FACTS**", this answering Defendant admits it owned, managed and controlled the SMITH'S store in question.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**VIII.**

Paragraph 17 of that portion of Plaintiff's Complaint entitled "**FACTS**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

2

**IX.**

This answering Defendant denies each and every allegation contained in Paragraphs 18 and 20 of that portion of Plaintiff's Complaint entitled "**FACTS**".

**X.**

This answering Defendant, in response to Paragraph 22 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** Negligence", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XI.**

In response to Paragraph 23 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** Negligence", this answering Defendant admits that it operated, controlled and maintained the store on September 23, 2018.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**XII.**

Paragraphs 24 and 26 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** Negligence" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**XIII.**

This answering Defendant denies each and every allegation contained in Paragraphs 25 and 29 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** Negligence".

**XIV.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 27, 28 and 30 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** Negligence" and upon said ground, denies each and every allegation contained therein.

**XV.**

This answering Defendant, in response to Paragraph 31 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** Premises Liability", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by

3

CLAC 5854412.1

incorporation.

### XVI.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 32, 37, 38 and 40 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION Premises Liability**" and upon said ground, denies each and every allegation contained therein.

### XVII.

Paragraphs 33 and 34 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION Premises Liability**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

### XVIII.

This answering Defendant denies each and every allegation contained in Paragraphs 35, 36 and 39 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION Premises Liability**".

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

/ / /

4

1    WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

2    Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3    further relief as to the Court may deem proper.

4         Dated this 8th day of September, 2020.

5                                        COOPER LEVENSON, P.A.

6

7                              By   /s/ Jerry S. Busby
                                    Jerry S. Busby
8                                   Nevada Bar No. 001107
                                    Gregory A. Kraemer
9                                   Nevada Bar No. 010911
                                    3016 West Charleston Boulevard - #195
10                                  Las Vegas, Nevada  89102
                                    Attorneys for Defendant
11                                  SMITH'S FOOD & DRUG CENTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 8th day of September, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Justin W. Smerber, Esq.
BRANDON | SMERBER LAW FIRM
139 East Warm Springs Road
Las Vegas, NV 89119
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
    An Employee of
    COOPER LEVENSON, P.A.

CLAC 5854412.1

6

Electronically Filed
9/10/2020 2:43 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ABREA**
    **JUSTIN W. SMERBER, ESQ.**
2   Nevada Bar No. 10761
    **BRANDON | SMERBER LAW FIRM**
3   139 East Warm Springs
    Las Vegas, Nevada 89119
4   (702) 380-0007
    (702) 380-2964—*facsimile*
5   j.smerber@bsnv.law
    Attorneys for Plaintiff,
6   **JEAN KING**
7
                            **DISTRICT COURT**
8                        **CLARK COUNTY, NEVADA**
9
    JEAN KING, an individual,
10                                              CASE NO.: A-20-818664-C
            Plaintiff,                          DEPT. NO.: 8
11
12  vs.
13  SMITH'S FOOD & DRUG CENTERS, INC.
    a/k/a THE KROGER CO., a foreign corporation,
14  DOE EMPLOYEES I through X, and ROE
    BUSINESS ENTITIES I through X, inclusive,
15
16          Defendants.
17
                **PETITION FOR EXEMPTION FROM ARBITRATION**
18
19          Plaintiff, JEAN KING, hereby requests the above entitled matter be exempted from

20  Arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

21          1. _____   presents a significant issue of public policy;

22          2. _X_   involves an amount in issue in excess of $50,000, exclusive of interest   and

23  cost;

24          3. _____    presents unusual circumstances which constitute good cause for removal

25  from the program.

26
27  ///
28  ///

**BRANDON | SMERBER**
**LAW FIRM**
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**POINTS AND AUTHORITIES**

**I.**
**FACTS**

This matter arose from a personal injury incident occurring on or about September 23, 2018 as the result of a slip and fall. On said date, Plaintiff, JEAN KING was a lawful visitor at Horizon Market Place-Smith's ("Smith's"), located at 10616 S. Eastern Avenue, Henderson, NV 89052. As Plaintiff proceeded through the Smith's she suddenly slipped and fell on a grape. The fall caused Plaintiff to land violently on her outstretched arm, which resulted in severe injury to her entire right upper extremity. There were no warning or hazard notices posted in the area of the store where the Plaintiff fell. *See Complaint on file herein.* Defendant, SMITH'S FOOD & DRUG CENTERS, INC. a/k/a THE KROGER CO., owed Plaintiff a duty of reasonable care to maintain the floor at Smith's in a reasonably safe condition. Defendant breached this duty by allowing a substance or hazardous condition to be present on the floor without warning or notice. *See Id.* A Complaint was filed on July 28, 2020.

As a direct and proximate result of the September 23, 2018 incident, JEAN KING has lost time from her employment, has suffered and will continue to suffer a loss of earning capacity, serious and disabling injuries in and about her left arm, shoulder and hand affecting her both physically and mentally and resulting in a loss of nature and enjoyment of life.

**II.**
**COMPUTATION OF DAMAGES**

Pursuant to Nevada Arbitration Rules (NAR) 5, this case should be exempted from Arbitration as this case involves an amount in excess of $50,000. As is illustrated below, Ms. King's medical expenses to date total $143,150.25.

As a result of the Defendant's negligence, Plaintiff has suffered substantial personal injuries. Ms. King's injuries included a rotator cuff tear of the right shoulder, right wrist strain,

and right bicep tendinitis.  As a result, Ms. King suffered significant pain and required surgery and extensive rehabilitation in order to cope with daily activities. Ms. King's personal life has been disrupted on a daily basis as she was constantly attending doctor's appointments, physical therapy, and other medically mandated treatment. In the future, Ms. King will continue to endure pain and the effects of the injuries caused by the Defendant's negligence.

Ms. King's current Medical Specials are as follows:

| | Provider | Amount |
|---|---|---|
| 1. | Southwest Medical Associates | $868.00 |
| 2. | Nevada Orthopedic & Spine Center | $248.00 |
| 3. | ATI Physical Therapy | $2,281.74 |
| 4. | Desert Orthopedic Center | $943.00 |
| 5. | Kelly Hawkins Physical Therapy | $4,498.00 |
| 6. | Bone & Joint Specialists | $15,440.00 |
| 7. | Hand Center of Nevada | $7,138.01 |
| 8. | Centennial Hills Medical Hospital | $64,689.20 |
| 9. | Desert Springs Hospital | $44,098.00 |
| 10. | Steinberg Diagnostic Medical Imaging | $2,946.30 |
| | **TOTAL** | **$143,150.25** |

///

///

///

///

///

///

///

///

///

///

///

///

///

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

## III.
## CONCLUSION

Based on the foregoing, Plaintiff, JEAN KING respectfully requests that this Honorable Court grant Plaintiff's Request for Exemption from Arbitration.

I hereby certify pursuant to N.R.C.P. Rule 11, this case to be within the exemptions marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the Arbitration Program.

DATED this 8th day of September 2020.

BRANDON | SMERBER LAW FIRM

/s/ Justin W. Smerber, Esq.
JUSTIN W. SMERBER, ESQ.
Nevada Bar No. 10761
139 E. Warm Springs Road
Las Vegas, Nevada 89119
Attorneys for Plaintiff,
JEAN KING

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on September 10, 2020, I served a true and correct copy of the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** through the Court's ECF electronic filing system:

**JERRY S. BUSBY**
Nevada Bar #001107
**GREGORY A. KRAEMER**
Nevada Bar #010911
**COOPER LEVENSON, P.A.**
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

/s/: Angelina M. Martinez
An Employee of Brandon | Smerber Law Firm

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2967

Electronically Filed
9/28/2020 1:57 PM
Steven D. Grierson
CLERK OF THE COURT

CDRG

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Jean King, Plaintiff(s)

vs.

Smith's Food & Drug Centers, Inc.,,

Defendant(s)

CASE NO: A-20-818664-C
DEPT. NO: VIII

## COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: September 10, 2020

EXEMPTION FILED BY: ___Plaintiff___   OPPOSITION: _____No_____

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this __28th__ of September, 2020.

_____
ADR COMMISSIONER

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

## NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2020.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2020.

/s/   Lisa Kaba
_____
ADR COMMISSIONER'S DESIGNEE

2